IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LAUDERMILCH, | No. 4:22-CV-00423 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| 730 TEXAS TIMBERLANDS, II LTD, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### JANUARY 11, 2024

### I.  BACKGROUND

This dispute concerns the maintenance of a private road used by 730 Texas Timberlands, II, Ltd. and GreenWood Resources, Inc. to access timberland. As the sole remaining Plaintiff, David Laudermilch has been proceeding *pro se* to pursue his claims against the Defendants. After Laudermilch failed to comply with the Court's November 7, 2023 Order,[1] the Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b).[2] This motion is now ripe for disposition; for the reasons that follow, it is granted.

---

[1]  *See* Doc. 54 (Nov. 7, 2023 Order).
[2]  *See* Doc. 58 (Motion to Dismiss Pursuant to Rule 41(b)).

## II.   RULE 41(B) STANDARD

Rule 41(b) "allows for the dismissal of an action if 'the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.'"[3] "When determining whether to dismiss an action under Rule 41(b)[,]" the Court considers "six factors as set forth in *Poulis v. State Farm Fire & Casualty Co.*"[4] These factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[5]

## III.   ANALYSIS

Although "*Poulis* does not provide a 'magic formula' or 'mechanical calculation' for dismissal of a complaint" under Rule 41(b), the Court will consider each factor in turn.[6]

"First, the only party responsible" is Laudermilch since he is acting *pro se*.[7] In stark contrast to Plaintiff's recent behavior, the Defendants have "acted diligently

---

[3]   *Torres v. Price*, 4:20-CV-2352, 2021 U.S. Dist. LEXIS 235276, at *3 (M.D. Pa. Dec. 8, 2021) (quoting FED. R. CIV. P. 41(b)).
[4]   *Torres*, 2021 U.S. Dist. LEXIS 235276, at *3 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)).
[5]   *Id.*
[6]   *Id.* (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).
[7]   *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008)).

and within the timeframes provided by the Federal Rules of Civil Procedure and this Court."[8] As a result, the first factor favors dismissal.

In terms of prejudice to the Defendants, Laudermilch's lack of engagement makes it impossible for the case to proceed to any additional discovery that may be necessary and ultimately to trial. Consequently, the second factor also supports dismissal.

When considering whether there is a history of dilatoriness, only Laudermilch's actions after he began his *pro se* representation on February 6, 2023 will be considered.[9] Laudermilch has failed to oppose a motion seeking dismissal of his claim,[10] to participate in two telephonic status conferences,[11] and to otherwise comply with the Court's November 7, 2023 Order.[12] Due to this lack of engagement, the Court cancelled all scheduled pretrial and trial deadlines and removed this case from its March 2024 trial list.[13] These delays cut in favor of dismissal.

It appears that Laudermilch's actions lean more towards willful neglect and bad faith as opposed to mere negligence. Counsel for the Defendants sent two copies of this Court's Scheduling Order for a telephonic status conference to Laudermilch without receiving any response.[14] Laudermilch then failed to attend the scheduled

---

[8] *Id.*
[9] *See* Doc. 38 (Order Granting Withdrawal as Attorney).
[10] *See* Doc. 59 (Brief in Support of Motion to Dismiss Pursuant to Rule 41(b)) at 2.
[11] *See* Doc. 58 (Motion to Dismiss Pursuant to Rule 41(b)).
[12] *Id.*
[13] *See* Doc. 60 (December 28, 2023 Scheduling Order).
[14] *Id.*

status conference. Further, the Court has received no communications from Plaintiff despite directing him to provide certain information on November 7, 2023. However, this factor only slightly tilts toward dismissal as it is unknown whether some other circumstances excuse this behavior.

As to the "availability of alternative sanctions, there do not appear to be any."[15] This "action cannot proceed" to trial without Laudermilch's participation. "[D]ismissal is the only viable sanction because [he] is acting *pro se*" and refuses to acknowledge communications from the Court.[16]

The final factor requires the Court to consider the meritoriousness of Laudermilch's claims. Plaintiff "seeks to vindicate his rights as to his property only" and any "determination as to whether Defendants have failed to adequately maintain Laudermilch's property would necessarily be fact specific, based on the actual damages to his property."[17] Without any briefing on this subject, it is difficult for the Court to analyze this factor beyond speculating. The Court therefore considers this factor to be neutral in its evaluation.

Four *Poulis* factors point strongly towards dismissal and one factor slightly favors dismissal. The remaining factor is neutral as the Court lacks sufficient

---

[15] *Torres*, 2021 U.S. Dist. LEXIS 235276, at *5 (quoting *Briscoe*, 538 F.3d at 262-63).
[16] *Id.*
[17] *See* Doc. 51 (Memorandum Opinion) at 15.

information to evaluate it. Based on the foregoing, dismissal is warranted. **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Pursuant to Rule 41(b) (Doc. 58) is **GRANTED**.

2. The action is **DISMISSED**.

3. The Clerk is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge